IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01736-GPG

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

JAMES FALK, Warden, Official and Individual Capacity,
JAMIE SOUCIE, Sterling Health Care Mgr., Official Capacity, and
STERLING HEALTH CARE STAFF, Official and Individual Capacity,

    Defendants.

---

ORDER TO AMEND

---

On August 12, 2015, Plaintiff filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court granted Plaintiff's § 1915 Motion.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Based on the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

Plaintiff asserts one claim with three subparts. He first contends that his due process and equal protection rights have been violated because he has been denied adequate medical treatment. Specifically, Plaintiff contends Defendant James Falk has failed to insure that the medical staff at the Sterling Correctional Facility provides an "equal level" of medical care, which has resulted in inadequate treatment of an injury

Plaintiff incurred to his left ankle on August 15, 2014.  Plaintiff also contends that Defendant Jamie Soucie has responsibility for the medical department and has acted in concert with Defendant Falk in denying him proper medical treatment.  Finally, Plaintiff alleges that the health care providers "represent a set of 'Customs and Usages' that have denied the plaintiff his fundamental right to fair medical treatment."  Compl., ECF No. 1, at 6.  Plaintiff seeks money damages.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, to state a claim pursuant to § 1983, Plaintiff must identify the individual who personally participated in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent

2

> responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Plaintiff may use fictitious names, such as "health care provider," if he does not know the real names of the individuals who allegedly violated his rights.

Plaintiff, however, must provide sufficient information about each defendant, *e.g.*, badge number, and date and time he/she committed the violation, so that they can be identified for the purpose of service.

The Court also notes that Plaintiff has asserted a violation of his due process and equal protection rights regarding the lack of adequate medical treatment for his injury. Nothing Plaintiff asserts raises an equal protection violation and the due process claim, as presented, is more properly asserted under the Fourteenth Amendment.

The Supreme Court has recognized that the same facts may give rise to both an Eighth Amendment cruel and unusual punishment claim and a Fourteenth Amendment substantive due process claim. *Whitley v. Albers*, 475 U.S. 312, 326–27 (1986). "[T]he Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners . . . ." *Id.* at 327. "Every circuit that has considered the question has concluded that the Eighth Amendment is the primary source of substantive rights of prisoners and that, with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous." *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1494 n. 6 (10th Cir.1990) (citations omitted); *see also City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("The due process rights of a person . . . are at least as great as the Eighth Amendment protections available to a convicted prisoner.") (citation omitted).

Therefore, it is clear that the legal standards under the two amendments are identical regarding facts of this case and that Plaintiff's claims as presented properly

are addressed under the Eighth Amendment standard.  *Berry*, 900 F.2d at 1494 n. 6 (10th Cir.1990) (citations omitted).

Based on the above findings, Plaintiff will be directed to file an Amended Complaint.  Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Prisoner Complaint that complies with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Prisoner Complaint that complies with this Order the Court will dismiss this action without further notice.

DATED August 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge