IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01736-GPG

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

JAMIE SOUCIE, Sterling Corr. Facility Health Care Mgr., Official Capacity,
UNIDENTIFIED NURSE FROM AUGUST 18th 2014 APPT., Official Capacity, and
LT. KENNEDY, Sterling Corr. Facility Corrections Officer, Official Capacity,

    Defendants.

---

## SECOND ORDER TO AMEND

---

On August 14, 2015, the Court directed Plaintiff to amend his Prisoner Complaint, which he did on September 14, 2015.  Specifically, the Court instructed Plaintiff that he must explain (1) what each named defendant did to violate his constitutional rights; (2) when they violated his rights; (3) how the action harmed him; and (4) what specific right was violated.  Plaintiff further was told that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that prison officials or administrators may not be held liable based on their denial of Plaintiff's grievances.  Plaintiff further was directed that he may use a fictitious name to identify a defendant but he must provide sufficient information about the individual for the purpose of service.  Finally, Plaintiff was instructed that his claims more properly are addressed under the Eighth Amendment standard.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Based on the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

In the Nature of the Case section of the Amended Complaint, Plaintiff states the factual basis for his claims. Plaintiff asserts that he injured his foot on August 15, 2014, incurred a third degree sprain, was made to walk on the injured foot and report to work, and did not receive medical attention until August 18, which was inadequate. Finally, on October 8, 2014, Plaintiff was sent to the hospital for an MRI that showed he had a substantial tear of his ankle ligaments. Plaintiff was provided with an air cast, a cane, and placed on seated work restrictions; but he claims he has not been provided with the recommended treatment or follow-up appointments, which has resulted in enduring pain when he walks, works, or conducts ordinary life functions.

Plaintiff sets forth one claim in the Cause of Action section of the Amended Complaint based on a violation of his Eighth Amendment rights. The claim has three subparts. First, Plaintiff asserts that Defendant Unidentified Nurse failed to provide him with proper medical treatment. Second, Defendant Kennedy forced him to continue to walk on his injured foot. Finally, Plaintiff asserts that Defendant Soucie continues to deny him access to the recommended medical care. Considering the specific factual statements Plaintiff asserts in the Nature of the Suit section of the Amended Complaint, Plaintiff has asserted personal participation by Defendants Kennedy and Unidentified Nurse. Plaintiff, however, does not state any specific claim against Defendant Soucie

in either the Cause of Action section or the Nature of Suit section of the Amended Complaint that sets forth how or when this defendant personally participated in the violation of Plaintiff's Eighth Amendment rights.

Plaintiff also names Defendants in their official capacity and requests only money damages.

Plaintiff was instructed in the August 14, 2015 Order to Amend that to state a claim pursuant to § 1983 he must identify the individual who personally participated in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff also was told that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates

3

> violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Finally, Plaintiff further was told that a claim is not maintained against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, claims against DOC employees in their official capacities for money damages are barred by the Eleventh Amendment.  It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will*

*v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state," *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Any claims Plaintiff asserts against Defendants in their official capacities for money damages is subject to dismissal with prejudice.

Nonetheless, the Court will allow Plaintiff to file a Second Amended Complaint that asserts personal participation by all named defendants in a proper capacity. Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order a Second Amended Complaint that complies with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint.  All claims Plaintiff desires to assert in this action must be stated in the Second Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order the Court will dismiss this action without further notice.

DATED September 15, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge