IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01736-GPG

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

JAMIE SOUCIE, Sterling Corr. Facility Health Care Mgr., Official and Individual Capacity,
UNIDENTIFIED NURSE FROM AUGUST 18th 2014 APPT., Official Capacity and
    Individual Capacity,
LT. KENNEDY, Sterling Corr. Facility Corrections Officer, Official and Individual Capacity,
    and
CURRENTLY UNKNOWN CLINICAL SERVICES PROVIDER, Official and Individual
    Capacity,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

    Plaintiff Christopher M. Orwig is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C.§ 1343.  Plaintiff also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that has been granted.

    On August 14, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint and state how each responsible defendant participated in any alleged constitutional violations.  Plaintiff also was instructed that (1) a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior; and (2) to state a claim against a government official for conduct that

arises out of supervisory responsibilities, Plaintiff must assert the official is responsible for creating, implementing, or the continued operation of a policy that caused the complained of harm and acted with the state of mind required to establish the alleged constitutional deprivation. Furthermore, Plaintiff was instructed that he cannot maintain a claim against prison officials or administrators on the basis that they denied his grievances. Finally, Magistrate Judge Gallagher instructed Plaintiff to use fictitious names if he does not know the names of the individuals who allegedly violated his constitutional rights; but he must provide sufficient information about each fictitiously named defendant so they can be identified for the purpose of service.

Plaintiff filed an Amended Complaint on September 14, 2015, in which he named defendants in their official capacities only and requested money damages from them. Plaintiff was instructed that any claims he asserts against Defendants in their official capacities for money damages is subject to dismissal. Magistrate Judge Gallagher then entered a Second Order to Amend on September 15, 2015, that allowed Plaintiff one last opportunity to amend the Complaint and assert personal participation by all named Defendants in a proper capacity. On October 9, 2015, Plaintiff filed a Second Amended Complaint.

The Court construes the Second Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a presiding judge and when applicable to a magistrate judge.

In the Second Amended Complaint, Plaintiff names four defendants in their official and individual capacities, two of which are identified with fictitious names. In Claim One, and in part under C. Nature of the Case section of the Second Amended Complaint, as he has done in the two previous complaints filed in this case, Plaintiff states the factual basis for all of his claims against the four named defendants.

First, Plaintiff asserts that on August 15, 2014, Defendant Lieutenant Kennedy ignored Plaintiff's complaints that he had injured his ankle and directed him to return to his cell which was up a flight of stairs on the second tier, which caused further damages to his injured ankle. Sec. Am. Compl., ECF No. 9, at 4. Next, Plaintiff asserts that Defendant Unknown Clinical Services Provider (1) denied his request to be seen on August 15, 2014, after he was injured; (2) delayed any tests until October 8, 2014; and (3) then delayed an appointment with a specialist until December 10, 2014, at which time he was told the injury had not healed properly and to follow up after January 2015 to see if surgery was needed. *Id.* at 6. Defendant Unknown Clinical Services Provider, however, denied all follow-up appointments after the December 10 appointment. *Id.*

Plaintiff further asserts that Defendant Unidentified Nurse from August 18th 2004 Appt. failed to refer him for an MRI even though it was obvious that he had torn ligaments, a third degree sprain, and ruptured blood vessels. *Id.* at 7. The Unidentified Nurse, during the August 18 appointment, failed to provide any prescribed treatment for the injury, assistance in walking, and ordered rest from Plaintiff's prison job. Finally, Plaintiff asserts that Defendant Jamie Soucie "is responsible as a policymaker who has the ability to do something about departments medical deficiencies. She has upheld a policy of denial of medical emergencies at Sterling Correctional Facility and it is common practice." *Id.* Plaintiff seeks compensatory and punitive damages.

The Complaint as asserted against Defendants in their individual capacity will be drawn to a presiding judge and when applicable to a magistrate judge. All claims asserted against Defendants in their official capacities, however, will be dismissed because Plaintiff seeks only money damages for relief. *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)). A dismissal of claims for money damages asserted against a state official in their official capacity is without prejudice. *Shue v. Lampert*, 580 F. App'x 642, 643 (10th Cir. 2014) (a prisoner complaint involving conditions of confinement) (citing *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n. 9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.")  Accordingly, it is

ORDERED that the claims asserted against Defendants in their individual capacities shall be drawn to a presiding judge and when applicable to a magistrate judge. It is

FURTHER ORDERED that the claims asserted against Defendants in their official capacities are dismissed without prejudice.

DATED at Denver, Colorado, this 28th day of October, 2015.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court